IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DESHAWN D. DRUMGO, SR., | No. 3:20-CV-02434 |
| Plaintiff, | (Chief Judge Brann) |
| v. | (Chief Magistrate Judge Mehalchick) |
| CAPTAIN REESE, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION AND ORDER

AUGUST 2, 2022

I.  REPORT AND RECOMMENDATION

Plaintiff DeShawn D. Drumgo, Sr., filed the instant action on December 30, 2020, and it was jointly assigned to the undersigned and to a magistrate judge. Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[1]  Once filed, this report and recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[2]

On May 20, 2022, Chief Magistrate Judge Karoline Mehalchick, to whom this matter is jointly assigned, issued a thorough report and recommendation recommending that Defendants' motion for summary judgment be granted and that judgment be in entered in favor of Defendants and against Drumgo.

---

[1]  28 U.S.C. § 636(b)(1)(B).
[2]  28 U.S.C. § 636(b)(1).

Drumgo filed objections to the report and recommendation on June 2, 2022. "If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[3] Portions of a report and recommendation to which no objections are filed are reviewed only for clear error.[4] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the findings or recommendations made by the magistrate judge.[5]

Because the Court writes solely for the parties, it will not restate the facts, but will instead adopt the recitation of facts as set forth by the magistrate judge. The Court has conducted a de novo review here and found no error. Accordingly, the Court adopts Chief Magistrate Judge Mehalchick's report and recommendation.

## II. LEAVE TO AMEND

Drumgo also moves for leave to amend.[6] The law in the Third Circuit is clear that leave to amend should be "freely given" regardless of whether leave is specifically requested.[7] "Among the grounds that could justify a denial of leave to

---

[3] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).

[4] Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed); *see also Snyder v. Bender*, 548 F. App'x 767, 771 (3d Cir. 2013) (noting that district courts need not conduct *de novo* review of portions of recommendation to which no party files specific objections).

[5] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

[6] Doc. 49.

[7] *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)).

amend are undue delay, bad faith, dilatory motive, prejudice, and futility."[8] "However, where plaintiff files a motion to amend after defendant has moved for summary judgment[,] the motion to amend will not be granted unless the party seeking amendment can show . . . that the proposed amendment has 'substantial merit' . . . ."[9]

Here, Drumgo moves to amend his Complaint to add a sentence swearing that his Complaint is true under the penalty of perjury.[10] But this one sentence does not cure the factual and evidentiary defects that Chief Magistrate Judge Mehalchick's report and recommendation identified. Accordingly, Drumgo's proposed amendment would be futile.[11]

Moreover, Drumgo moved for leave to amend more than eighteen months after he filed his original Complaint. By this point, discovery had finished, the partied had briefed Defendants' motion for summary judgment, Judge Mehalchick had issued her report and recommendation, and Drumgo had already objected to the report and recommendation. Such delay further counsels against leave to amend.[12]

---

[8] *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).
[9] *Carey v. Beans*, 500 F. Supp. 580, 582 (E.D. Pa. 1980) (citation omitted), *aff'd*, 659 F.2d 1065 (3d Cir. 1981).
[10] Doc. 49 at 1–2.
[11] *See Brown v. Friel*, No. CV 16-1819, 2019 WL 4034684, at *14 (E.D. Pa. Aug. 26, 2019), *aff'd*, 842 F. App'x 792 (3d Cir. 2021) ("Plaintiff's proposed amendment . . . would have been futile because such an amendment would not have cured the fatal defect discussed in greater detail above—namely, the absence of any evidence suggesting that the evidence of her contacts with James and Richelle Solomon supporting Friel's citations was fabricated in the first instance.").
[12] *See Chestnut v. Finck*, 722 F. App'x 115, 118 (3d Cir. 2018) ("Here, Chestnut's motion to amend his complaint—filed fourteen months after his original complaint—did not assert any facts that were unavailable when he filed his original complaint. The proposed amendment did

Drumgo counters that he "has many exhibits as evidence . . . ."[13] But Drumgo does not explain if he adduced this evidence to his brief in opposition to Defendants' motion for summary judgment or if this evidence was available to him then.[14] And if the evidence was not available to Drumgo then, Drumgo does not explain why.[15] Because Drumgo does not adequately justify the need to amend, his motion for leave to amend is denied.

## III.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Chief Magistrate Judge Karoline Mehalchick's Report and Recommendation (Doc. 43) is **ADOPTED**.

2. Defendants' motion for summary judgment (Doc. 26) is **GRANTED**.

3. Final Judgment is entered in favor of Defendants and against Drumgo.

4. Drumgo's motion for leave to amend (Doc. 49) is **DENIED**.

5. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

little more than repeat the allegations in the complaint, despite the fact that the District Court had permitted Chestnut several extensions of time to oppose the defendants' dispositive motion. Under the circumstances, the District Court acted within its discretion when it found Chestnut's delay unreasonable and denied his motion as untimely.").

13   Doc. 49 at 1.
14   Doc. 49.
15   *Id.*